DAMON M. BROWN, County Counsel (SBN 242265)
Office of County Counsel, County of San Diego
By: MICHAEL P. MASTERSON, Supervising Deputy (SBN 239246)
  DAVID M. STOTLAND, Supervising Deputy (SBN 206514)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4860
E-mail: Michael.Masterson@sdcounty.ca.gov
  David.Stotland@sdcounty.ca.gov

Attorneys for Plaintiff, County of San Diego

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO, a political subdivision of the State of California,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of the Department of Homeland Security, in her official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity; CORECIVIC, INC., a Maryland corporation; and DOES 1–50, inclusive.<br><br>  Defendants. | No. **'26CV1520 JES  MSB**<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF TO ENFORCE STATE-AUTHORIZED HEALTH AND SAFETY INSPECTION RIGHTS** |

Plaintiff County of San Diego ("Plaintiff") hereby brings this action against the operators of the Otay Mesa Detention Center located in San Diego County (the "Facility"), to enforce its health and safety inspection rights, pursuant to California Health and Safety Code section 101045.

## PARTIES

1. Plaintiff is, and at all relevant times has been, a political subdivision of the State of California with all the powers specifically stated and necessarily implied in general law and its Charter. Plaintiff has a responsibility to ensure that all facilities operating within its jurisdiction, including privately operated detention facilities, meet applicable health and safety standards necessary to protect detained individuals, staff, and the surrounding community. Plaintiff brings this action on its own behalf and on behalf of its health officer, who is responsible for enforcing and observing statutes, orders, and ordinances relating to public health.

2. At all times relevant to this action, defendant U.S. Department of Homeland Security ("DHS") was and is the federal executive department responsible for public security and its missions include immigration, customs, and border control.

3. At all times relevant to this action, defendant Kristi Noem was and is the Secretary of DHS, and is sued in her official capacity. The Secretary of DHS is charged with the administration and enforcement of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1103(a)(1). All authorities and functions of the DHS to administer and enforce the immigration laws are vested in the Secretary of Homeland Security. 8 C.F.R. § 2.1

4. At all times relevant to this action, defendant U.S. Immigration and Customs Enforcement ("ICE") was and is a component of DHS that has been delegated authority under the INA and all other laws relating to immigration. 8 C.F.R. § 100.1. ICE is an agency within DHS, and is responsible for identifying, apprehending, and removing illegal aliens.

5. At all times relevant to this action, defendant Todd Lyons was and is the Acting Director of ICE, and is sued in his official capacity. In this capacity, Defendant

Lyons directs the administration of ICE's detention policies and operations.

6. At all times relevant to this action, defendant CoreCivic, Inc. ("CoreCivic") was and is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in the State of Tennessee. CoreCivic, Inc. is qualified to do business in the State of California, and operates the Facility under contract with DHS and/or ICE.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1–50, inclusive. Plaintiff is informed and believes, and on that ground alleges, that each Doe defendant is involved or affiliated with the named defendants and/or the activities alleged herein and each is responsible in some manner for the acts and omissions alleged herein. Thus, Plaintiff has named the Doe defendants by their fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained as necessary. This Complaint refers to the named defendants and the Doe defendants collectively as "Defendants."

8. Defendants DHS and ICE are "agencies" as defined in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551(1), 701(b), and Defendants Noem, Lyons, and CoreCivic are the agencies' agents and contractor. Throughout the relevant period, Defendants, and each of them, were the agents of one another, and in doing the things alleged herein, were acting in the course and scope of that agency such that each defendant is responsible for the acts of the others. Alternatively, one or more Defendants exceeded their authority and/or such authority was not validly conferred.

**JURISDICTION AND VENUE**

9. Federal court jurisdiction extends to "Controversies to which the United States shall be a Party." U.S. Const. art. III, § 2, cl. 1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal questions), 28 U.S.C. § 1346 (United States as a defendant), 28 U.S.C. § 1651 (writs), 28 U.S.C. § 2201 (declaratory judgment), 28 U.S.C. § 2202 (injunctive relief), and 5 U.S.C. §§ 701 through 706 (APA).

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

10. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (e), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the property that is the subject of the action is situated in this district.

11. There exists a substantial, actual, continuing, and justiciable controversy between Plaintiff and Defendants requiring resolution by the Court. Plaintiff has no other adequate remedy at law.

## COMMON FACTUAL ALLEGATIONS

12. DHS, through ICE, houses civil immigration detainees at the Facility, a private detention facility that CoreCivic owns and operates. The Facility functions as a holding center for immigration detainees awaiting trial, deportation, or serving sentences following conviction.

13. Under longstanding California law, local detention facilities are subject to biennial inspections concerning health and safety, fire suppression preplanning, compliance with training and funding requirements, and the types and availability of visitation. Cal. Penal Code § 6031.1(a).

14. California Health and Safety Code section 101045 authorizes a County health officer to investigate a private detention facility, including the Facility, as they determine necessary or as directed by local legislative body. The investigating officer shall determine if conditions "equal minimum standards and requirements prescribed by the Board of State and Community Corrections for the feeding, clothing, and care of prisoners in local jails and detention facilities." Cal. Health & Saf. Code § 101045(c).

15. "Consultation between federal and state officials is an important feature of the immigration system." *Arizona v. United States*, 567 U.S. 387, 411 (2012). Congress has codified basic principles of cooperation and comity between state and local authorities and the United States. For example, Defendants are authorized and encouraged to cooperate with state and local agencies "in the identification, apprehension, detention, or removal of aliens." 8 U.S.C. § 1357(g); Executive Order

14159 (Jan 2025). In addition, under the INA, the officers in charge of immigrant stations such as the Facility "shall admit therein the proper State and local officers charged with the enforcement of the laws of the State or Territory of the United States in which such immigrant station is located in order that such State and local officers may preserve the peace and make arrests for crimes against the laws of the States and Territories." 8 U.S.C. § 1358. For this purpose, "the jurisdiction of such State and local officers and of the State and local courts shall extend over such immigrant stations." *Id*.

16. On information and belief, Defendant CoreCivic's contract with Defendants DHS and/or ICE to operate the Facility explicitly requires CoreCivic to comply with state laws.

17. To fulfill Plaintiff's public health oversight responsibilities, on February 9, 2026, Plaintiff initiated a request to inspect the Facility. Plaintiff's San Diego County Health Officer sent a letter to the Facility leader and senior warden, identifying his authority under Health and Safety Code section 101045 to investigate the health and sanitary conditions at the Facility, and stating that he determined it is necessary at this time to conduct a site visit of the Facility.

18. Principles of federalism and comity require Defendants to defer to and accept Plaintiff's identified inspection plan, including scope, standards, and personnel participating in the inspection. *See Arizona v. United States*, 567 U.S. at 398 ("Federalism, central to the constitutional design, adopts the principle that both the National and State Governments have elements of sovereignty the other is bound to respect."). In addition, section 101045 is not preempted and does not implicate any intergovernmental immunity of Defendants. *United States v. California*, 921 F.3d 865, 878–86 (9th Cir. 2019). Plaintiff's identified inspection plan does not impose any burden on or obstruction to federal activities.

19. Plaintiff completed the clearance process and was granted approval to inspect the Facility. By February 18, 2026, all members of Plaintiff's inspection team received clearance from Defendants to enter the Facility. The inspection was scheduled

for February 20, 2026.

20. On February 20, 2026, Plaintiff attempted to conduct its public health inspection of the Facility. However, Defendants reneged on their prior grant of clearance to inspect the Facility, and prevented: (1) Plaintiff's public health officer from gaining full access to the Facility to complete the inspection according to the established inspection-program standards and criteria; and (2) any access to the Facility to at least two members of Plaintiff's inspection team despite prior clearance from Defendants.

21. Following Defendants' reneging of clearance for Plaintiff to conduct its scheduled inspection, Plaintiff has exhausted all available administrative remedies, taken all available actions, and continued to demand that Defendants timely grant the County access to the Facility to complete its inspection rights and duties. To date, Plaintiff has been unable to complete its inspection duties at the Facility as a result of Defendants' actions and refusal to permit the inspection.

22. Time is of the essence for Plaintiff to complete its inspection and support public health and safety at the Facility.

## COUNT ONE:

## Administrative Procedure Act — 5 U.S.C. § 706(2)

23. The above paragraphs are incorporated herein by reference.

24. Plaintiff has suffered legal wrong, and is adversely affected and aggrieved, because of Defendants' action and is entitled to judicial review thereof. 5 U.S.C. § 702. Under the APA, courts shall hold unlawful and set aside agency action, findings, and conclusions found to be – arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or without observance of procedure required by law. 5 U.S.C. § 706(2)(A).

25. An "agency action" includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13). Defendants' refusal to permit the County inspection of the Facility is a final

1  agency action. Final agency actions (1) "mark the 'consummation' of the agency's
2  decision making process" and (2) are ones "by which 'rights or obligations have been
3  determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S.
4  154, 177–78 (1997).

5  26. Defendants lack discretion by law to refuse and block the County's State-
6  authorized inspection of the Facility. Defendants' refusal to permit the inspection is not in
7  accordance with federal and state law, including California Health and Safety Code
8  section 101045, and therefore must be set aside.

9  27. Defendants' decision to refuse the inspection must also be set aside as
10 arbitrary, capricious, and an abuse of discretion. "An agency action qualifies as
11 'arbitrary' or 'capricious' if it is not 'reasonable and reasonably explained.'" *Ohio v.
12 EPA*, 603 U.S. 279, 292 (2024). A court must therefore "ensure, among other things, that
13 the agency has offered 'a satisfactory explanation for its action[,] including a rational
14 connection between the facts found and the choice made." *Id*. "[A]n agency cannot
15 simply ignore 'an important aspect of the problem'" addressed by its action. *Id*. at 293.

16 28. Defendants have not provided a reasoned explanation or basis for their
17 decision to deny the County inspection of the Facility. In addition, Defendants have
18 ignored essential aspects of the issue, including the County's authorization under
19 California Health and Safety Code section 101045 to conduct the inspection, as well as
20 the provisions of the INA and other laws directing Defendants to coordinate with the
21 County and allow the inspection. Defendants' refusal to permit the inspection is contrary
22 to federal statutory requirements and Defendants' regulations/policies/operating
23 agreements regarding detainee health and safety.

24 29. By refusing to permit the County to perform its inspection rights at the
25 Facility, Defendants have taken final agency action that is arbitrary, capricious, an abuse
26 of discretion, and otherwise not in accordance with the law. Defendants' decision is also
27 contrary to Plaintiff's constitutional right, power, privilege, and immunity; is in excess of
28 Defendants' statutory jurisdiction, authority, or limitations, or short of statutory right;

and/or is without observance of procedure required by law. Accordingly, Defendants' decision violates the APA and must be vacated and set aside.

30. Defendants' decision to prevent the Facility inspection has caused, and will continue to cause, harm and prejudice to Plaintiff and its residents for which no other remedy is adequate.

## COUNT TWO:

### Administrative Procedure Act — 5 U.S.C. § 706(1)

31. The above paragraphs are incorporated herein by reference.

32. Under the APA, courts shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

33. Plaintiff has attempted to complete its inspection of the Facility and has no other available remedies to gain access. Nonetheless, Defendants have unlawfully withheld and unreasonably delayed granting Plaintiff's access in disregard of their legal duty to act. Defendants were required to grant Plaintiff access to inspect, and their withholding of access violates California Health and Safety Code section 101045, and other provisions of federal and state law. Defendants' delay in granting access is also unreasonable, particularly given the fact that Defendants had previously granted — and subsequently reneged — Plaintiff access to the Facility to complete its inspection.

34. Defendants' unlawful and unreasonable withholding and delay of approval for the County to complete its health inspection at the Facility has caused, and will continue to cause, harm to Plaintiff and its residents for which no other remedy is adequate.

35. Defendants' actions violate the APA and Defendants must be compelled to timely take action to grant Plaintiff access to the Facility to complete its State-authorized health and safety inspection.

///

///

///

# COUNT THREE:

## Injunctive and Declaratory Relief — 28 U.S.C. §§ 2201–02

36. The above paragraphs are incorporated herein by reference.

37. The Court has the authority to provide injunctive and declaratory relief to enforce Plaintiff's public health inspection rights against Defendants under applicable federal and state statutes, including 28 U.S.C. § 1651 (writs), 28 U.S.C. § 2201 (declaratory judgment), 28 U.S.C. § 2202 (injunctive relief), and its inherent equitable powers.

38. In addition to its rights as a sovereign political subdivision of the State of California and under principles of federalism and comity, Plaintiff has statutory authority under California Health and Safety Code section 101045 to inspect the Facility.

39. Plaintiff has determined that it is necessary to conduct an inspection of the Facility, and Defendants have refused and prevented Plaintiff from completing its inspection of the Facility. Plaintiff has been unable to complete its inspection of the Facility as a result of Defendants' refusal.

40. Defendants' refusal to permit the Facility inspection is a continuing and ongoing violation of federal and state law, which is causing and will continue to cause irreparable harm to Plaintiff and its residents for which there is no other plain, speedy, or adequate remedy.

41. An actual and present controversy exists within this Court's jurisdiction regarding the existence and scope of Plaintiff's right to inspect the Facility pursuant to California Health and Safety Code section 101045 and other federal and state authorities, and Defendants' obligations to accommodate the same.

///
///
///
///
///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter an Order reversing and setting aside Defendants' decision to exclude and prevent Plaintiff from performing its State-authorized health and safety inspection rights at the Facility.

2. Enter an Order to compel Defendants to timely take action to grant Plaintiff access to the Facility to complete its State-authorized health and safety inspection.

3. Enter injunctive and declaratory relief to enforce the County's inspection rights at the Facility, including: (i) preliminary and permanent injunction prohibiting Defendants from preventing Plaintiff from conducting an inspection pursuant to California Health and Safety Code section 101045, and (ii) declaratory relief adjudicating the existence and scope of Plaintiff's right to inspect the Facility and Defendants' obligations to accommodate the same.

4. Enter an Order to advance the trial on the merits and consolidate it with the hearing on Plaintiff's preliminary injunction motion, pursuant to Fed. R. Civ. Proc. 65(a)(2).

5. Award Plaintiff reasonable expenses that it has incurred, and will incur, as a result of Defendants' unlawful actions, including attorneys' fees and costs under the Equal Access to Justice Act, including 28 U.S.C. § 2412(d); and

6. Provide such other and further relief as the Court may deem just.

DATED: March 10, 2026                DAMON M. BROWN, County Counsel

By: *Michael Masterson*
MICHAEL P. MASTERSON, Supervising Deputy
DAVID M. STOTLAND, Supervising Deputy
Attorneys for Defendant, County of San Diego
Email: Michael.Masterson@sdcounty.ca.gov
       David.Stotland@sdcounty.ca.gov

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF