ADAM GORDON
United States Attorney
BETSEY BOUTELLE
Assistant U.S. Attorney
California Bar No. 299754
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-8764
Facsimile: (619) 546-7751
Email: betsey.boutelle@usdoj.gov

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO,<br><br>     Plaintiffs,<br><br>   v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>     Defendants. | Case No.: 26-cv-01520-JES-MSB<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants the United States Department of Homeland Security; Markwayne Mullin, Secretary of the Department of Homeland Security, sued in his official capacity; U.S. Immigration and Customs Enforcement; and David Venturella, Senior Official performing the duties of the Director of U.S. Immigration and Customs Enforcement, sued in his official capacity (collectively, "Federal Defendants"), hereby answer Plaintiff's Complaint in like-numbered paragraphs, with corresponding section titles, a follows:

Answering the un-numbered paragraph before the heading "Parties" on page 2, Federal Defendants respond this paragraph consists of Plaintiff's argument and characterization of its claims in this lawsuit, to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations of this paragraph.

## **PARTIES**

1. Answering paragraph 1, Federal Defendants admit that Plaintiff is "a political subdivision of the State of California." The remainder of this paragraph consists of legal conclusions and/or characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations of this paragraph.

2. Answering paragraph 2, Federal Defendants admit the allegations of this paragraph.

3. Answering paragraph 3, Federal Defendants admit the allegations of this paragraph, except for the allegation that Kristi Noem is the Secretary of Homeland Security. The Secretary of Homeland Security is now Markwayne Mullin, who is automatically substituted as defendant in this action under Federal Rule of Civil Procedure 25(d).

4. Answering paragraph 4, Federal Defendants admit the allegations of this paragraph.

5. Answering paragraph 5, Federal Defendants admit the allegations of this paragraph, except for the allegation that Todd Lyons is the Acting Director of ICE. The Senior Official performing the duties of the Director of ICE is David Venturella, who is

automatically substituted as defendant in this action under Federal Rule of Civil Procedure 25(d).

6. Answering paragraph 6, Federal Defendants admit that Defendant CoreCivic, Inc., operates the Otay Mesa Detention Facility under contract with ICE. Federal Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and on that basis deny the allegations.

7. Answering paragraph 7, this paragraph consists of Plaintiff's claims regarding "Doe" defendants. Federal Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph and on that basis deny the allegations.

8. Answering paragraph 8, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## JURISDICTION AND VENUE

9. Answering paragraph 9, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

10. Answering paragraph 10, Federal Defendants admit venue is proper in this district.

11. Answering paragraph 11, Federal Defendants respond that this paragraph consists of legal conclusions and/or Plaintiff's characterizations of its claims, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## COMMON FACTUAL ALLEGATIONS

12. Answering paragraph 12, Federal Defendants admit that the allegations of this paragraph were true at the time of the filing of the Complaint. Federal Defendants affirmatively allege that since the filing of the Complaint, CoreCivic has sold the Facility to the Department of Homeland Security.

13. Answering paragraph 13, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, although it is admitted that the cited statute speaks for itself.

14. Answering paragraph 14, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, although it is admitted that the cited statute speaks for itself.

15. Answering paragraph 15, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, although it is admitted that the cited cases, statutes, and Executive Orders speak for themselves.

16. Answering paragraph 16, Federal Defendants admit only that the contract between ICE and CoreCivic provides that "The Contractor agrees to accept and provide for the secure custody, care, and safekeeping of detainees in accordance with the State and local laws, standards, policies, procedures for firearms requirements, or court orders applicable to the operations of the facility." Federal Defendants deny all remaining allegations of this paragraph and in particular deny the implied allegation that the contract requires CoreCivic to comply with any state laws that do not fall within the meaning of this express contractual provision.

17. Answering paragraph 17, Federal Defendants admit that "Plaintiff initiated a request to inspect the Facility" on February 9, 2026. Federal Defendants further admit that Plaintiff's Public Health Officer sent a letter to the Facility leader and senior warden, claiming authority under California Health and Safety Code section 101045 to investigate the health and sanitary conditions at the Facility and that he had determined it necessary to conduct a site visit of the Facility. Federal Defendants are without knowledge or information sufficient to admit or deny the allegation that Plaintiff initiated this request "[t]o fulfill Plaintiff's public health oversight responsibilities" and on that basis deny the

allegations. Except as herein admitted, all remaining allegations of this paragraph, if any, are denied.

18. Answering paragraph 18, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, although it is admitted that the cited cases speak for themselves.

19. Answering paragraph 19, Federal Defendants admit that Plaintiff submitted Clearance Applications for Public Health Officer Thihalolipavan, NCCHC Resources contractor Nancy Booth, County Supervisor Paloma Aguirre, and County Supervisor Terra Lawson-Rember. Federal Defendants further admit that the inspection was scheduled for February 20, 2026, via coordination between CoreCivic, ICE, and Plaintiff. Federal Defendants further admit that all four members of Plaintiff's proposed inspection team were initially notified that clearance had been granted for them to enter the Facility on February 20, 2026, in connection with the inspection. Federal Defendants further admit that on February 19, 2026, Assistant Field Officer Director Richmond notified OMDC Warden Christopher C. LaRose that County Supervisor Aguirre and County Supervisor Lawson-Remer should be denied access to the Facility. Defendants further admit and allege that on February 20, 2026, Assistant Field Office Director Jorge Velarde sent an email to Warden LaRose repeating that Chief of Staff Torres had "reiterated the two supervisors will not be able to attend" and that "the inspection should be just like previous ones they have done (sanitation and health)." Except as herein admitted, all remaining allegations of this paragraph, if any, are denied.

20. Answering paragraph 20, Federal Defendants incorporate by reference their response to paragraph 19, *supra*. Federal Defendants further admit that on February 20, 2026, Plaintiff's Public Health Officer and NCCHC Resources Consultant Booth conducted a health and sanitation inspection of the Facility, during which they were permitted access to all areas they requested to see. Federal Defendants further admit that when County Supervisor Aguirre and County Supervisor Lawson-Rember later arrived at the Facility,

*Answer by Federal Defs.* 4 26-cv-01520-JES-MSB

they were not permitted entry beyond the Facility lobby. Except as herein admitted, all remaining allegations of this paragraph, if any, are denied.

21. Answering paragraph 21, Federal Defendants admit that after the February 20, 2026 inspection of the Facility, Public Health Officer Thihalolipavan sent a letter to Warden LaRose stating that the County had been "unable to fulfill its inspection duties due to restrictions imposed at the time of arrival." Dr. Thihalolipavan demanded to "complete the inspection this week." Over the next two weeks, ICE officials then exchanged emails with Dr. Thihalolipavan regarding the scope of the requested additional inspection. Federal Defendants further admit and affirmatively allege that on March 5, 2026, Acting Field Office Director Nate Cardoza informed Dr. Thihalolipavan that "due to the current lack of DHS appropriations, ICE is operating under constrained resources" and "currently lack[ed] the funding from Congress to conduct an additional inspection" but "remain[ed] committed to supporting your inspection efforts and will do our best to accommodate your request at a future date." Except as herein admitted, all remaining allegations of this paragraph, if any, are denied.

22. Answering paragraph 22, Defendants deny the allegations of this paragraph.

**COUNT ONE**

**Administrative Procedure Act — 5 U.S.C. § 706(2)**

23. Answering paragraph 23, Federal Defendants incorporate by reference their responses to Plaintiff's allegations as stated in the above paragraphs.

24. Answering paragraph 24, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

25. Answering paragraph 25, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

26.    Answering paragraph 26, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

27.    Answering paragraph 27, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, although it is admitted that the cited cases speak for themselves.

28.    Answering paragraph 28, Federal Defendants deny that they "have not provided a reasoned explanation or basis for their decision[s]" with respect to the County's inspection request. Federal Defendants deny that they denied the County's request to inspect the Facility; rather, Federal Defendants affirmatively allege that inspection took place on February 20, 2026, and another took place on June 12, 2026 in compliance with the Court's order of June 3, 2026 (ECF No. 34). The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Federal Defendants deny the allegations.

29.    Answering paragraph 29, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

30.    Answering paragraph 30, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny that Plaintiff suffered any cognizable legal harm under the relevant federal statutes.

**COUNT TWO**

**Administrative Procedure Act — 5 U.S.C. § 706(2)**

31.    Answering paragraph 31, Federal Defendants incorporate by reference their responses to Plaintiff's allegations as stated in the above paragraphs.

32.    Answering paragraph 32, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

33.    Answering paragraph 33, Federal Defendants affirmatively allege that Plaintiff completed an inspection of the Facility on February 20, 2026, and another took place on June 12, 2026, in compliance with the Court's order of June 3, 2026 (ECF No. 34). Federal Defendants further admit and allege that while certain members of Plaintiff's proposed inspection team were initially granted clearance to enter the Facility as part of the standard security clearance process for the first inspection on February 20, 2026, ICE personnel determined upon review that those individuals were not qualified or credentialed health and sanitation inspectors or subject matter experts, and denied them access to the Facility for purposes of conducting a health and sanitation inspection. The remainder of this paragraph consists of legal conclusions and/or Plaintiff's characterizations of its claims, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

34.    Answering paragraph 34, Federal Defendants respond that this paragraph consists of legal conclusions and/or Plaintiff's characterizations of its claims, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny that Plaintiff suffered any cognizable legal harm under the relevant federal statutes.

35.    Answering paragraph 35, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## COUNT THREE

### Injunctive and Declaratory Relief — 28 U.S.C. §§ 2201–02

36.    Answering paragraph 36, Federal Defendants incorporate by reference their responses to Plaintiff's allegations as stated in the above paragraphs.

37. Answering paragraph 37, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

38. Answering paragraph 38, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

39. Answering paragraph 39, Federal Defendants lack knowledge or information sufficient to admit or deny the allegation that "Plaintiff has determined that it is necessary to conduct an inspection of the Facility." Federal Defendants admit that they temporarily declined to grant Plaintiff immediate access to the Facility for a *second* health and sanitation inspection during the pendency of the then-existing lapse in DHS appropriations. Federal Defendants deny that this conduct violated the Administrative Procedure Act or any other applicable federal law. Federal Defendants deny the remaining allegations of this paragraph.

40. Answering paragraph 40, Federal Defendants deny the allegation that they "refused to permit the Facility inspection." The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

41. Answering paragraph 41, Federal Defendants respond that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

**PRAYER FOR RELIEF**

1. Answering paragraph 1 of Plaintiff's Prayer for Relief, Federal Defendants respond that this paragraph consists of Plaintiff's request for relief and requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

2. Answering paragraph 2 of Plaintiff's Prayer for Relief, Federal Defendants respond that this paragraph consists of Plaintiff's request for relief and requires no response.

*Answer by Federal Defs.* 8 26-cv-01520-JES-MSB

To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

3. Answering 3 of Plaintiff's Prayer for Relief, Federal Defendants respond that this paragraph consists of Plaintiff's request for relief and requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

4. Answering 4 of Plaintiff's Prayer for Relief, Federal Defendants respond that this paragraph consists of Plaintiff's request for relief and requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

5. Answering 5 of Plaintiff's Prayer for Relief, Federal Defendants respond that this paragraph consists of Plaintiff's request for relief and requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

6. Answering 6 of Plaintiff's Prayer for Relief, Federal Defendants respond that this paragraph consists of Plaintiff's request for relief and requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

### ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

All allegations not expressly admitted are denied. Federal Defendants also raise the following separate and/or affirmative defenses to Plaintiff's claims.

1. Plaintiff's claims are barred, in whole or in part, by sovereign immunity.

2. Plaintiff lacks standing to bring some or all of its claims.

3. Plaintiff's claims are moot.

4. Plaintiff fails to state a claim for which relief may be granted as to some or all of its claims.

5. Plaintiff's claims are barred to the extent Plaintiff is not challenging a final agency action.

*Answer by Federal Defs.*                    9                    26-cv-01520-JES-MSB

6.  Plaintiff's claims fail, in whole or in part, under the doctrine of federal preemption.

7.  Plaintiff's claims fail, in whole or in part, under the doctrine of intergovernmental immunity.

8.  Plaintiff's claims fail, in whole or in part, to the extent that the provisions of California Health and Safety Code § 101045 are preempted by federal laws or regulations.

9.  The standards and requirements outlined in Title 15 of the California Code of Regulations (Cal. Code Regs., tit. 15 §§ 1000–1282) are not applicable to or enforceable against the federal government or Otay Mesa Detention Center.

10. This Court lacks authority to grant the relief requested by Plaintiff.

11. All actions taken by Federal Defendants were grounded in good faith and were not in violation of any law.

DATED: July 27, 2026                               Respectfully submitted,

                                                    ADAM GORDON
                                                    United States Attorney


                                                    s/ Betsey Boutelle
                                                    BETSEY BOUTELLE
                                                    Assistant U.S. Attorney

                                                    Attorneys for Federal Defendants