STRUCK LOVE ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(Admitted Pro Hac Vice)*
Dana M. Keene, CA Bar #324993
Anne M. Orcutt, AZ Bar #029387
*(Admitted Pro Hac Vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
(480) 420-1600
dstruck@strucklove.com
dkeene@strucklove.com
aorcutt@strucklove.com

WITHAM MAHONEY & ABBOTT, LLP
Matthew M. Mahoney, Bar #211184
401 B Street, Ste. 1900
San Diego, CA 92101
(619) 407-0505
mahoney@wmalawfirm.com

*Attorneys for Defendant CoreCivic, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO, a political subdivision of the State of California, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of the Department of Homeland Security, in her official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity; CORECIVIC, INC., a Maryland corporation; and DOES I–50, inclusive. <br><br> Defendants. | NO. 26-cv-01520-JES-MSB <br><br> **DEFENDANT CORECIVIC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant CoreCivic, Inc. ("CoreCivic") submits its Answer to Plaintiff's Complaint (Dkt. 1). CoreCivic denies each allegation and each claim for relief contained in Plaintiff's Complaint that is not expressly admitted or otherwise pled to.

CoreCivic admits, denies, and alleges as follows:

In answering the un-numbered paragraph before the heading "Parties" on page 2, CoreCivic responds that this paragraph consists of Plaintiff's argument and characterization of its claims in this lawsuit, to which no response is required. To the extent that a response is required, CoreCivic denies the allegations of this paragraph.

### PARTIES

1. In answering Paragraph 1, CoreCivic admits that Plaintiff is "a political subdivision of the State of California." The remainder of this paragraph consists of legal conclusions and/or characterizations of Plaintiff's claims to which no response is required, and none is given. To the extent that a response is required, CoreCivic denies the remaining allegations.

2. In answering Paragraph 2, CoreCivic admits the allegations.

3. In answering Paragraph 3, CoreCivic denies that Kristi Noem is currently the Secretary of Homeland Security but admits the remaining allegations.

4. In answering Paragraph 4, CoreCivic admits the allegations.

5. In answering Paragraph 5, CoreCivic denies that Todd Lyons is currently the Acting Director of ICE but admits the remaining allegations.

6. In answering Paragraph 6, CoreCivic admits the allegations.

7. Paragraph 7 consists of Plaintiff's claims regarding "Doe" defendants. CoreCivic is without sufficient knowledge or information to admit or deny the allegations of this paragraph and on that basis denies them.

8. Paragraph 8 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

### JURISDICTION AND VENUE

9. Paragraph 9 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

10.     Paragraph 10 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

11.     Paragraph 11 consists of legal conclusions and/or Plaintiff's characterizations of its claims, to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

## COMMON FACTUAL ALLEGATIONS

12.     In answering Paragraph 12, CoreCivic admits that the allegations were true at the time of the filing of the Complaint. CoreCivic affirmatively alleges that since the filing of the Complaint, CoreCivic has sold OMDC to DHS.

13.     Paragraph 13 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations, although it is admitted that the cited statute speaks for itself.

14.     Paragraph 14 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations, although it is admitted that the cited statute speaks for itself.

15.     Paragraph 15 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations, although it is admitted that the cited cases, statutes, and Executive Orders speak for themselves.

16.     In answering Paragraph 16, CoreCivic admits only that the contract between ICE and CoreCivic provides that "The Contractor agrees to accept and provide for the secure custody, care, and safekeeping of detainees in accordance with the State and local laws, standards, policies, procedures for firearms requirements, or court orders applicable to the operations of the facility." CoreCivic denies all remaining allegations of this paragraph.

17.     In answering Paragraph 17, CoreCivic admits that "Plaintiff initiated a request to inspect the Facility" on February 9, 2026. CoreCivic further admits that

Plaintiff's Public Health Officer sent a letter to the Facility's Senior Warden, claiming authority under California Health and Safety Code section 101045 to investigate the health and sanitary conditions at the Facility and that he had determined it necessary to conduct a site visit of the Facility. CoreCivic is without sufficient knowledge or information to admit or deny the allegation that Plaintiff initiated this request "[t]o fulfill Plaintiff's public health oversight responsibilities" and on that basis denies the allegations. All remaining allegations of this paragraph, if any, are denied.

18. Paragraph 18 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations, although it is admitted that the cited cases speak for themselves.

19. In answering Paragraph 19, CoreCivic admits that Plaintiff submitted Clearance Applications for Public Health Officer Thihalolipavan, NCCHC Resources Consultant Nancy Booth, County Supervisor Paloma Aguirre, and County Supervisor Terra Lawson-Remer. CoreCivic further admits that the inspection was scheduled for February 20, 2026, via coordination between CoreCivic, ICE, and Plaintiff. CoreCivic further admits that all four members of Plaintiff's proposed inspection team were initially notified that clearance had been granted for them to enter the Facility on February 20, 2026, in connection with the inspection. CoreCivic further admits that on February 19, 2026, Assistant Field Officer Director Richmond notified OMDC Senior Warden LaRose that County Supervisor Aguirre and County Supervisor Lawson-Remer should be denied access to the Facility. CoreCivic further admits and alleges that on February 20, 2026, Assistant Field Office Director Jorge Velarde sent an email to Senior Warden LaRose repeating that Chief of Staff Torres had "reiterated the two supervisors will not be able to attend" and that "the inspection should be just like previous ones they have done (sanitation and health)." All remaining allegations of this paragraph, if any, are denied.

20. In answering Paragraph 20, CoreCivic incorporates its response to

Paragraph 19, *supra*. CoreCivic further admits that on February 20, 2026, Plaintiff's Public Health Officer and NCCHC Resources Consultant Booth conducted a health and sanitation inspection of the Facility, during which they were permitted access to all areas they requested to see. CoreCivic further admits that when County Supervisor Aguirre and County Supervisor Lawson-Remer later arrived at the Facility, they were not permitted entry beyond the Facility lobby. All remaining allegations of this paragraph, if any, are denied.

21.    In answering Paragraph 21, CoreCivic admits that after the February 20, 2026 inspection of the Facility, Public Health Officer Thihalolipavan sent a letter to Senior Warden LaRose stating that the County had been "unable to fulfill its inspection duties due to restrictions imposed at the time of arrival." Dr. Thihalolipavan demanded to "complete the inspection this week." Over the next two weeks, ICE officials then exchanged emails with Dr. Thihalolipavan regarding the scope of the requested additional inspection. CoreCivic further admits and affirmatively alleges that on March 5, 2026, Acting Field Office Director Nate Cardoza informed Dr. Thihalolipavan that "due to the current lack of DHS appropriations, ICE is operating under constrained resources" and "currently lack[ed] the funding from Congress to conduct an additional inspection" but "remain[ed] committed to supporting your inspection efforts and will do our best to accommodate your request at a future date." CoreCivic further admits and affirmatively alleges that Public Health Officer Thihalolipavan, NCCHC Resources Consultants Booth and Fred Meyer, and Division Director of Environmental Health Heather Buonomo completed a second inspection at the Facility on June 12, 2026. All remaining allegations of this paragraph, if any, are denied.

22.    In answering Paragraph 22, CoreCivic denies the allegations.

## COUNT ONE

## Administrative Procedure Act — 5 U.S.C. § 706(2)

23.    In answering Paragraph 23, CoreCivic incorporates by reference its

responses to Plaintiff's allegations as stated in the above paragraphs.

24.    Paragraph 24 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

25.    Paragraph 25 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

26.    Paragraph 26 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

27.    Paragraph 27 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations, although it is admitted that the cited cases speak for themselves.

28.    In answering Paragraph 28, CoreCivic denies that the Federal Defendants "have not provided a reasoned explanation or basis for their decision[s]" with respect to the County's inspection request. CoreCivic denies that it denied the County's request to inspect the Facility; rather, CoreCivic affirmatively alleges that inspection took place on February 20, 2026, and another took place on June 12, 2026 in compliance with the Court's order of June 3, 2026 (Dkt. 34). The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, CoreCivic denies the allegations.

29.    Paragraph consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

30.    Paragraph 30 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations. CoreCivic further denies that Plaintiff suffered any cognizable legal harm under the relevant federal statutes.

6                        26-cv-01520-JES-MSB

**COUNT TWO**

**Administrative Procedure Act — 5 U.S.C. § 706(2)**

31.   In answering Paragraph 31, CoreCivic incorporates by reference its responses to Plaintiff's allegations as stated in the above paragraphs.

32.   Paragraph 32 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

33.   In answering Paragraph 33, CoreCivic affirmatively alleges that Plaintiff completed an inspection of the Facility on February 20, 2026, and another took place on June 12, 2026, in compliance with the Court's order of June 3, 2026 (Dkt. 34). CoreCivic further admits and alleges that while certain members of Plaintiff's proposed inspection team were initially granted clearance to enter the Facility as part of the standard security clearance process for the first inspection on February 20, 2026, ICE personnel determined upon review that those individuals were not qualified or credentialed health and sanitation inspectors or subject matter experts and denied them access to the Facility for purposes of conducting a health and sanitation inspection. The remainder of this paragraph consists of legal conclusions and/or Plaintiff's characterizations of its claims, to which no response is required. To the extent a response is required, CoreCivic denies the allegations.

34.   Paragraph 34 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations. CoreCivic further denies that Plaintiff suffered any cognizable legal harm under the relevant federal statutes.

35.   Paragraph 35 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

/ / /

/ / /

26-cv-01520-JES-MSB

## COUNT THREE

### Injunctive and Declaratory Relief — 28 U.S.C. §§ 2201–02

36. In answering Paragraph 36, CoreCivic incorporates by reference its responses to Plaintiff's allegations as stated in the above paragraphs.

37. Paragraph 37 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

38. Paragraph 38 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

39. In answering Paragraph 39, CoreCivic lacks sufficient knowledge or information to admit or deny the allegation that "Plaintiff has determined that it is necessary to conduct an inspection of the Facility." CoreCivic admits that Federal Defendants temporarily declined to grant Plaintiff immediate access to the Facility for a *second* health and sanitation inspection during the pendency of the then-operative laps in DHS appropriations. CoreCivic denies the remaining allegations of this paragraph.

40. In answering Paragraph 40, CoreCivic denies the allegation that it "refused to permit the Facility inspection." The remaining allegations of this paragraph consist of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

41. Paragraph 41 consists of legal conclusions to which no response is required, and none is given. To the extent a response is required, CoreCivic denies the allegations.

### PRAYER FOR RELIEF

1. In answering Paragraph 1 of Plaintiff's Prayer for Relief, CoreCivic denies that Plaintiff is entitled to the relief requested, or to any relief.

2. In answering Paragraph 2 of Plaintiff's Prayer for Relief, CoreCivic

denies that Plaintiff is entitled to the relief requested, or to any relief.

3.     Answering 3 of Plaintiff's Prayer for Relief, CoreCivic denies that Plaintiff is entitled to the relief requested, or to any relief.

4.     Answering 4 of Plaintiff's Prayer for Relief, CoreCivic denies that Plaintiff is entitled to the relief requested, or to any relief.

5.     Answering 5 of Plaintiff's Prayer for Relief, CoreCivic denies that Plaintiff is entitled to the relief requested, or to any relief.

6.     Answering 6 of Plaintiff's Prayer for Relief, CoreCivic denies that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

CoreCivic raises the following separate and/or affirmative defenses to Plaintiff's claims.

1.     Plaintiff lacks standing to bring some or all of its claims.

2.     Plaintiff's claims are moot.

3.     Plaintiff fails to state a claim for which relief may be granted as to some or all of its claims.

4.     CoreCivic is not a proper defendant because it is not an "agency" subject to the Administrative Procedure Act ("APA").

5.     Plaintiffs' claims against CoreCivic are not justiciable because its actions as a private contractor are not reviewable as final agency actions under the APA.

6.     Plaintiffs' claims against CoreCivic fail, in whole or in part, as impermissible broad programmatic attacks on facility conditions or access practices, and Plaintiffs have not asserted a discrete agency action that CoreCivic was required to take.

7.     Plaintiffs' claims against CoreCivic are not reviewable under the APA because they fail to identify a federal statute imposing an inspection duty enforceable against a contractor.

8.    CoreCivic was acting at ICE's direction and had no discretion to allow the inspection without ICE's approval, absolving it of liability under the government contractor defense.

9.    CoreCivic is entitled to derivative sovereign immunity because it was acting pursuant to a federal contract with ICE, at ICE's direction, and it did not exceed the scope of the contractual authority that was validly conferred by ICE.

10.    Plaintiff's claims fail, in whole or in part, under the doctrine of federal preemption.

11.    Plaintiff's claims fail, in whole or in part, under the doctrine of intergovernmental immunity.

12.    The standards and requirements outlined in Title 15 of the California Code of Regulations (Cal. Code Regs., tit. 15 §§ 1000–1282) are not applicable to or enforceable against the federal government or Otay Mesa Detention Center.

13.    CoreCivic acted in good faith and not in violation of any law.

Dated: July 27, 2026

By: s/ Anne M. Orcutt
Daniel P. Struck
Dana M. Keene
Anne M. Orcutt
STRUCK LOVE ACEDO, PLC
dstruck@strucklove.com
dkeene@strucklove.com
aorcutt@strucklove.com

Matthew M. Mahoney
WITHAM MAHONEY & ABBOTT, LLP
mahoney@wmalawfirm.com

*Attorneys for Defendant CoreCivic, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 27, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated: July 27, 2026

By: s/ Anne M. Orcutt